NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS LEOPOLDO LOPEZ MILLAN, | No. 24-5148 |
| Petitioner, | Agency No. A087-270-754 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2025**
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Jesus Leopoldo Lopez Millan petitions for review of a Board of Immigration

Appeals' ("BIA") decision dismissing his appeal of an immigration judge's

decision finding him removable and denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where the BIA conducts its own review of the evidence and law, we review only the BIA's decision. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review questions of law de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010).

Lopez challenges the agency's admission of the proof of his conviction in the form of a criminal judgment downloaded from the Public Access to Court Electronic Records ("PACER") website under 8 U.S.C. § 1229a(c)(3)(C). Such proof may be admissible if it "reasonably indicates the existence of a criminal conviction." 8 C.F.R. § 1003.41(d); *see* 8 U.S.C. § 1229a(c)(3)(B). The admitted record of Lopez's conviction was accompanied by a signed certification from an immigration officer. The officer certified that the record was downloaded from PACER, the authorized electronic repository of the federal courts. And the record contains filing dates and stamps bearing the insignia of the clerk of the federal district court and the signature of the federal district judge assigned to the case. Lopez's conviction record accurately reflects his name and the case number associated with his conviction. Thus, the record is admissible. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (2006) ("[P]roper authentication requires some sort of proof that the document is what it purports to be." (citation omitted)). And 8

U.S.C. § 1229a(c)(3)(C) does not preclude its admission. *Id.* (holding that § 1229a(c)(3)(C) "establishes the maximum standard for authentication of electronically transmitted records of conviction, but it does not establish a minimum standard").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. # 8, is otherwise denied.

24-5148